The declaration contains three counts:
1. That the defendant erected a dam on the same stream, below the plaintiff's mill, in consequence whereof the water was thrown back on the wheel of the plaintiff's mill, whereby, etc.
2. That the plaintiffs have a good mill-seat on the same stream, and below their present mill; that the defendant hath erected a dam below said mill and mill-seat, in consequence whereof the water reflows, becomes dead, etc., and the plaintiffs cannot remove their mill to such mill-seat below their present mill, or build a new mill at such seat.
3. That the foundation of the present mill owned by plaintiffs has become ruinous, etc., that there is a good mill-seat on the same stream below, belonging to the plaintiffs; that the defendant hath erected a dam below said mill-seat, in consequence whereof, etc., as in the second count, whereby, etc.
The defendant pleads to the jurisdiction of the court, the plaintiffs having commenced this action originally in this Court without having first filed their petition in the county court, in conformity with the act *Page 239 
of Assembly passed in 1809, ch. 15, and without there having been any proceedings between the parties under said act.
It is submitted to the Supreme Court to decide whether the plaintiffs, who sue for an injury alleged to be done by the erection of the dam attached to a public mill by the defendant, can maintain such original suit in this court, without having first filed a petition, etc., as required by the aforesaid act of 1809, ch. 15. Should the Court be of opinion that such suit cannot be originally brought and maintained in this Court, without a previous compliance with the requisites of said act, then the plea to be sustained, and this suit to be dismissed. Should the Court be of a contrary opinion, then the plea to be overruled, and the defendant to answer over.
We have not doubted for a moment as to the design of the Legislature in passing this act, or the construction which, as well the terms of it as the mischief it was evidently intended to (310) remedy, require it to receive.
The object of the act is to modify the common-law right, because it was susceptible of abuse, and might sometimes be employed oppressively to the defendant, without affording proportional redress to the plaintiff; and to suspend it in all cases except those provided for in section 5, the words of which are, "In all cases where the jury shall assess the yearly damage as high as the sum of £ 10, nothing contained in this act shall be so construed as to prevent the person thus injured, their heirs or assigns, from suing, as has heretofore been usual in such cases; and in such cases the verdict and judgment of the jury on the premises shall only be binding for the year's damage preceding the filing of the petition."
In every case, therefore, of a person's receiving injury from the erection of a mill, a petition must be filed, in order to ascertain the extent of it, because upon that depends whether the common-law remedy is exercisable. If the damage assessed be under £ 10, the action is wholly taken away; if it be over that sum, the action is left to the party. Now, when the act declares that nothing in it shall be so construed as to prevent persons in whose favor the jury have assessed the annual damage to the amount of £ 10 from bringing an action, it is equivalent to express words of exclusion as to all those in whose favor a less sum is assessed.
The general rule of construing affirmative statutes is that they do not take away the common law, but leave the party his election to proceed *Page 240 
on either; yet if an affirmative statute introduce a new law, and direct a thing to be done in a certain manner, that thing shall not, even although there are no negative words, be done in any other manner. Plow., 206. The case before us is still stronger, because it contains what are equal to negative words. The demurrer to the plea must therefore be overruled, and the suit dismissed.
Cited: Gillet v. Jones, 18 N.C. 343; King v. Shuford, 32 N.C. 100;Moore v. Love, 48 N.C. 218.
(311)